**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| NICHOLAS HUFFMAN, | § |
| | § |
| Plaintiff | §   Case No. 1:16-cv-1456 |
| | § |
| -v- | § |
| | § |
| FOSTER, SWIFT, COLLINS | § |
| & SMITH, P.C. | § |
| | § |
| Defendant. | § |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Nicholas Huffman brings this action to secure redress from unlawful collection practices engaged in by defendant Foster, Swift, Collins & Smith, P.C.. Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Michigan Regulation of Collection Practices Act MCL 445.251 *et seq.* ("MCPA")

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff, Nicholas Huffman is a natural person residing in Kent County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer" and "debtor" as the terms are defined and used in the MCPA.

5. Defendant Foster, Swift, Collins & Smith P.C. (hereafter Foster Swift) is a Michigan corporation with offices located at 313 S. Washington Sq., Lansing MI 48933. The registered agent for Defendant is Terry Blakely at 313 S. Washington Sq., Lansing MI 48933.

6. Foster Swift uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Foster Swift regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Foster Swift is a "debt collector" as the term is defined and used in the FDCPA.

8. Foster Swift employs attorneys who handle claims or collections on behalf of a client and in its own name.

9. Foster Swift is a "regulated person" as that term is defined and used in the MCPA.

### IV. STATEMENT OF FACTS

10. On or about September 4, 2016, Defendant, through its employee Scott Chernich (hereafter Chernich) filed a civil action against the Plaintiff in the 54-A District Court in Lansing, Michigan, Case No. 16-03091-GC.

11. Scott Chernich is an attorney licensed to practice law in the State of Michigan.

12. A copy of the summons and complaint filed by Defendant in the state court collection lawsuit is attached hereto as Exhibit 1.

13. Defendant's state court collection suit was filed in an attempt to collect money allegedly due for monies loaned by CASE Credit Union. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household purposes and was a "debt" within the meaning of the FDCPA 15 U.S.C. §1692a(5).

14. The 54-A District Court consists of the City of Lansing, Michigan. MCL 600.8125.

15. The City of Lansing includes portions of Ingham, Eaton, and Clinton Counties.

16. When a city is located in more than one district, the provisions of section MCL 600.8251 apply only to that part of such city lying within the particular county or district.

17. The contract upon which the state court lawsuit is based upon was executed at Crippen Auto Mall, Inc. 8300 W. Saginaw, Lansing MI. This location is situated within Delta Township, Eaton County, Michigan.

18. The summons and complaint filed by Defendant in the state court lawsuit correctly stated Plaintiff's address, which is in the City of Grand Rapids, Kent County, Michigan.

19. The summons and complaint filed by Defendant in the state court lawsuit incorrectly stated that the matters and agreements giving rise to the lawsuit arose from an agreement which was executed in the City of Lansing, Ingham County, Michigan.

20. Pursuant to MCL 600.1621, except for actions provided for in sections $1605^1$, $1611^2$, $1615^3$, and $1629^4$, venue is proper in the county defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located. *See DesJardin v Lynn*, 6 Mich App 439 (1967); *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47 (2006)

21. At no relevant time did Mr. Huffman reside, have a place of business, or conduct business in Ingham County, Michigan.

22. At no relevant time did Defendant have any reasonable basis to believe that Mr. Huffman resided, had a place of business, or conducted business in Ingham County.

23. Foster Swift sued Mr. Huffman in Ingham County.

24. The contract upon which the lawsuit was based had been signed in Eaton County, Michigan.

25. Under Michigan law, the proper venue for the action would have been located in Kent County.

### Count 1 -- 15 U.S.C. §1692e – False or Misleading Representations

26. Plaintiff adopts by reference paragraphs 1-23 above as if fully set forth herein.

27. Pursuant to 15 U.S.C. §1692e(10) the use of any false representation to collect or attempt to collect a debt is a violation of the FDCPA.

28. Defendant's statement in ¶ 3 of the complaint that the agreement giving rise to the matter was executed in Ingham County is false and is a violation of the FDCPA.

---

[1] Actions in Replevin.
[2] Action on Probate Bond.
[3] Actions against Governmental Units.
[4] Actions based on Tort.

29. Defendant's representation to the 54-A District Court that venue is proper is false and is a violation of the FDCPA.

## Count 2 -- 15 U.S.C. §1692f – Unfair Practices

30. Plaintiff adopts by reference paragraphs 1-27 above as if fully set forth herein.

31. Pursuant to 15 U.S.C. §1692f a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

32. Filing the state court lawsuit in Ingham County advantaged the Defendant by having the matter heard before a court that Defendant regularly practices before and saving Defendant travel time as well as costs associated with having the matter heard approximately an hour away.

33. Filing the state court lawsuit disadvantaged the Plaintiff because it would force him to take time off of work thereby losing income and incurring costs associated with travel to Ingham County, and either hire an attorney in a location foreign to him or bear the extra cost of having a local attorney travel to and from Lansing.

34. Filing the state court lawsuit in a jurisdiction that advantaged the Defendant and Disadvantaged the Plaintiff without a legal basis to do so is unfair and a violation of the FDCPA.

## Count 3 -- 15 U.S.C. §1692i – Legal Actions by Debt Collectors

35. Plaintiff adopts by reference paragraphs 1-32 above as if fully set forth herein.

36. Pursuant to 15 U.S.C. §1692i a debt collector may file a collection suit against a consumer only in the judicial district in which the consumer signed a contract sued upon or in which the consumer resides at the commencement of the action.

37. By filing the state court lawsuit in a district where neither Plaintiff resided, nor where the contract was signed, Defendant violated the FDCPA.

## Count 4 – MCL 445.252(e) – Inaccurate, misleading, untrue, and deceptive statements

38. Plaintiff adopts by reference paragraphs 1-35 above as if fully set forth herein.

39. The MCPA states that a regulated person may not make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. MCL 445.252(e).

40. Defendant's statement in ¶ 3 of the complaint that the agreement giving rise to the matter was executed in Ingham County is false and is a violation of the MCPA.

41. Defendant's representation to the 54-A District Court that venue is proper is false and is a violation of the MCPA.

### Count 5 – MCL 445.252(f)(ii) – Misrepresentation of Legal Rights

42. Plaintiff adopts by reference paragraphs 1-39 above as if fully set forth herein.

43. Pursuant to MCL 445.252(f)(ii) a regulated person may not misrepresent in a communication with a debtor the legal rights of the creditor or debtor.

44. By filing the state court lawsuit in Ingham County, Defendant misrepresented to the Plaintiff that Defendant had the legal right to have the matter heard in Ingham County when it did not in violation of the MCPA.

45. By filing the state court lawsuit in Ingham County, Defendant misrepresented to the Plaintiff that Plaintiff did not have the legal right to have the matter heard in Kent County when he did in fact have that right in violation of the MCPA.

### Count 6 – MCL 445.252(q) – Failure to Implement Reasonable Procedures

46. Plaintiff adopts by reference paragraphs 1-43 above as if fully set forth herein.

47. Pursuant to MCL 445.252(q) a regulated person must implement a procedure designed to prevent a violation of the MCPA by an employee.

48. Defendant failed to implement a procedure designed to prevent a violation of the MCPA by an employee in violation of the MCPA.

*****

49. Plaintiff adopts by reference paragraphs 1-46 above as if fully set forth herein.

50. When Defendant filed the state court lawsuit against Mr. Huffman, a simple search of Mr. Huffman's name using any number of commercially available search engines, such as www.accurint.com, would have disclosed that Mr. Huffman was then residing in Kent County, Michigan.

51. When Defendant filed the state court lawsuit against Mr. Huffman, Defendant could have gone to an internet website maintained by Ingham County (www.ingham.org)  performed a search of Mr. Huffman's residential street address, and immediately determined that Mr. Huffman's residence is located in Kent County and not Ingham County, Michigan.

52. When Defendant filed the state court lawsuit against Mr. Huffman, Defendant could have reviewed any number of commercially available maps that would have readily disclosed that Mr. Huffman was then residing in Kent County, Michigan.

53. When Defendant filed the state court lawsuit against Mr. Huffman, a telephone call to the Ingham County Department of Equalization and Mapping would have disclosed that Mr. Huffman's residential street address was not located in Ingham County, Michigan.

54. All of the above listed methods of determining what County Mr. Huffman's address was located in could also have been used to determine that Crippen Auto Mall where the contract was signed was in Eaton County, not Ingham County, Michigan.

55. Even if the contract had been signed in Ingham County, Michigan Law would still require that the lawsuit be filed in Kent County.

56. Defendant failed to maintain procedures reasonably adapted to avoid filing suit against Mr. Huffman in the wrong judicial district.

57. Defendant failed to follow procedures reasonably adapted to avoid filing suit against Mr. Huffman in the wrong judicial district.

58. Foster Swift is liable for the acts and omissions of its employees done in connection with efforts to collect a debt from Mr. Huffman.

59. The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Mr. Huffman were done intentionally and willfully.

60. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering for which she should be compensated in an amount to be established by jury at trial.

## V. TRIAL BY JURY

61. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. CLAIMS FOR RELIEF

62. Plaintiff adopts by reference paragraphs 1-60 above as if fully set forth herein.

63. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e by making false or misleading representations in the collection of a debt;

    b. Defendant violated 15 U.S.C. §1692f by unfairly filing a lawsuit in a jurisdiction that was to the benefit of Defendant, and the detriment of Plaintiff, without a legal basis to do so.

    c. Defendant violated 15 U.S.C. §1692i by filing a collection lawsuit in the wrong judicial district.

    **Wherefore,** Plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

    c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d) Such further relief as the court deems just and equitable.

64. Defendant has violated the MCPA. Defendants violations of the MCPA include, but are not limited to, the following:

    a. Defendant violated MCL 445.252(e) by making inaccurate, untrue, false or misleading statements in a communication for collection of a debt.

    b. Defendant violated MCL 445.252(f)(ii) by misrepresenting the legal rights of Defendant and of Plaintiff.

    c. Defendant violated MCL 445.252(q) by failing to implement procedures designed to prevent a violation of the MCPA.

**Wherefore**, Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to MCL 445.257(2);

b) Treble the actual damages pursuant to MCL 445.257(2);

c) Statutory damages pursuant to MCL 445.257(2);

d) Reasonable attorney's fees and court costs pursuant to MCL 445.257(2); and

e) Equitable relief pursuant to MCL 445.257(2).

| Dated: December 22, 2016 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|